IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Killer Joe Nevada LLC,

     Plaintiff,

     v.                     **Case No. 2:13-cv-848**
                                **CHIEF JUDGE EDMUND A. SARGUS, JR.**
John Does 1-15,          **Magistrate Judge Terence P. Kemp**

     Defendants.

## OPINION AND ORDER

This matter is before the Court on two motions for default judgment filed by plaintiff

Killer Joe Nevada, LLC. (ECF Nos. 20, 21.) These motions are directed to two of the John Doe

defendants named in the original complaint and later identified as Phillip Spain and Heather

Dew. The Clerk entered default against Mr. Spain on June 6, 2014, and against Ms. Dew on July

31, 2014. The motions for default judgment will be granted as set forth below.

### I. Background

KJN is a limited liability company located in Los Angeles, California and claims the

copyright to the motion picture *Killer Joe.* KJN filed this action on August 13, 2013, alleging

that fifteen defendants, identified only by internet protocol addresses, violated its copyright by

downloading the motion picture and sharing it with others using a BitTorrent protocol or torrent,

a type of peer-to-peer file sharing software. By order dated August 30, 2013, the Court granted

KJN leave to take early discovery which allowed KJN to trace IP addresses to Mr. Spain, Ms.

Dew, and Ina Whirlow. These three individuals were named as defendants in the amended

complaint. Successful service of process was made only on Mr. Spain and Ms. Dew. After these defendants failed to plead or otherwise defend, the Clerk entered their default.

KJN seeks $150,000 in statutory damages, as well as attorneys' fees and costs from each defendant. KJN also requests that the Court permanently enjoin Mr. Spain and Ms. Dew from infringing, directly or indirectly, KJN's rights in the motion picture.

## II. Legal Standard

Federal Rule of Civil Procedure 55(b) authorizes a court to enter default judgment against a party whose default has been entered by the clerk. Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In order to succeed on its claim of copyright infringement under 17 U.S.C. §101 *et seq.*, plaintiff must prove that it owns a valid copyright in the motion picture and that defendant violated one or more of plaintiff's exclusive rights by copying or distributing plaintiff's copyrighted motion picture without authorization. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004); *Malibu Media v. Doe*, 2013 WL 3945978, at *3 (E.D. Mich. July 31, 2013). Here, the amended complaint alleges all of the elements of plaintiff's claim and defendants' default conclusively establish those elements. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief.").

The mere determination of defendant's liability does not, however, automatically entitle plaintiff to default judgment. The decision to grant default judgment falls within a court's discretion. 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ. §2685* (3d

2

ed.). In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material facts or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Id.* (footnotes omitted).

### III. Analysis

Applying the above factors to the present case, consideration of these factors militates in favor of granting default judgment against Mr. Spain and Ms. Dew. Consequently, the only issue remaining for the Court's consideration is that of damages.

As noted above, KJN seeks $150,000 in statutory damages. The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. 17 U.S.C. §504(a) - (c). Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000. 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. 17 U.S.C. § 504(c)(2). "The Court has substantial discretion to set statutory damages within the permitted range, but it is not without guidance." *Broadcast Music, Inc. v. H.S.I., Inc.*, 2007 WL 4207901, at *4 (S.D. Ohio Nov. 26, 2007), citing *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935). When determining the proper amount of statutory damages, "'courts have looked to: (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from infringement; (3) [p]laintiffs' loss from infringement;

3

and (4) deterring future violations by [d]efendants and similarly situated entities.'" *Broadcast Music, Inc. v. 4737 Dixie Highway, LLC*, 2012 WL 4794052, at \*4 (S.D. Ohio Oct. 9, 2012) *quoting H.S.I., Inc.*, 2007 WL 4207901, at \*6.

In order for KJN to recover the statutory maximum it seeks here, it must prove that Mr. Spain and Ms. Dew willfully infringed its copyright. 17 U.S.C. §504(c)(2). KJN has alleged facts that, when taken as true, could support a finding of willful infringement. This does not mean, however, that KJN is automatically entitled to the statutory maximum. Rather, the Court retains broad discretion to determine the appropriate damages amount. *AF Holdings, LLC v. Bossard,* 976 F.Supp.2d 927, 931 (W.D. Mich. 2013).

Cases from other judges in this District considering facts similar to those presented here, have not found an award of the statutory maximum to be justified. Rather, these cases have found that an award of $6,000 in statutory damages "properly accounts for defendant's gain, plaintiff's loss, and the public's interest in deterring future violations." *See, e.g., Riding Films, Inc. v. John Does 129-193*, 2015 WL 127912, \*2 (S.D. Ohio January 8, 2015), *adopted and affirmed* 2015 WL 574277 (S.D. Ohio Feb. 11, 2015); *The Power of Few, LLC v. John Does 1-11*, 2014 WL 5025671, \*2 (S.D. Ohio Oct. 8, 2014), *adopted and affirmed* 2014 WL 5502341 (S.D. Ohio Oct. 30, 2014). The Court finds these decisions persuasive and adopts their reasoning in finding that an award of $6,000 in statutory damages against each of the defendants is appropriate here.

KJN also asks the Court to enjoin these defendants from directly or indirectly infringing its copyrighted works. The injunction would prohibit these defendants' use of the internet to

4

reproduce or distribute KJN's motion pictures without license or express permission. KJN also asks the Court to order Mr. Spain and Ms. Dew to destroy all copies of *Killer Joe* downloaded by them onto any computer hard drive or server or transferred onto any physical medium or device in their possession, custody, or control. The Copyright Act authorizes temporary or final injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a). It is well established "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (citations and quotation omitted). "Not only is the issuance of a permanent injunction justified 'when a copyright plaintiff has established a threat of continuing infringement, he is entitled to an injunction.'" *Id.*, quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. 1990). Otherwise, an award of damages without injunctive relief would amount to a "'forced license to use the creative work of another.'" *Id.*, quoting *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004).

In this case, KJN has established past infringement by Mr. Spain and Ms. Dew. Courts in this District typically consider the factual allegations of the amended complaint, the nature of the BitTorrent system and the nature of the copyrighted work, in determining whether a plaintiff has sufficiently established a continuing threat to its copyright. *See*, *e.g. Riding Films, Inc.*, 2015 WL 127912. Applying those factors to this case and adopting the reasoning set forth in *Riding Film, 2015 WL 127912*, at *3, and other cases from this District, the Court finds that KJN has sufficiently established a continuing threat to its copyright. Consequently, the Court will grant

5

KJN's request for injunctive relief.

This brings the Court to the issue of attorneys' fees. KJN seeks attorneys' fees in the amount of $5,390.00 and costs in the amount of $477.27 from Mr. Spain. KJN seeks attorneys' fees in the amount of $4,427.50 and costs in the amount of $405.01 from Ms. Dew. With respect to Mr. Spain, KJN's counsel submitted a declaration stating that he spent 14 hours prosecuting KJN's claims at a rate of $385 per hour. With respect to Ms. Dew, KJN's counsel submitted a declaration stating that he spent 11.5 hours prosecuting the claims against her at the identical hourly rate. KJN submitted itemized costs relating to each defendant.

Consistent with the other decisions from this District, including *TCYK, LLC v. Does*, 2015 WL 763268 (S.D. Ohio Feb. 23, 2015) and *TCYK, LLC v. Does 1-10*, 2015 WL 357066 (S.D. Ohio Jan. 27, 2015), *adopted and affirmed* 2015 WL 795213 (S.D. Ohio Feb. 25, 2015), the Court finds that KJN is entitled to an award of reasonable attorneys' fees and costs. However, those cases also found that requests for attorneys' fees in amounts similar to those requested here are unreasonable. The Court agrees with the reasoning set forth in those cases and adopts it here. As those cases found, an amount of $1,500 represents a reasonable attorneys' fee. This is so here regardless of the fact that the amended complaint named two defendants. As the other decisions have noted, KJN has used "what are essentially form complaints and motions" and notices and orders "applied to multiple defendants or were similar or even identical to the notices and orders issued in many other cases prosecuted in this Court." *TCYK*, 2015 WL 763268, at *4.

With respect to the issue of costs, KJN seeks $477.27 from Mr. Spain, representing the

6

filing fee of $400, service fees of $7.27 and an "ISP Look Up Fee" of $70.00. KJN seeks

$405.01 from Ms. Dew, representing the filing fee of $400 and service fees of $5.01. However,

the Court notes that KJN incurred only one filing fee upon the filing of the original complaint.

Further, "costs" as enumerated in 28 U.S.C. §1920 include "[f]ees of the clerk" but the cost of

service of summons is not included in that statutory definition. *TCYK*, 2015 WL 763268, at *5.

Rather, the expenses associated with effecting service are recoverable if a defendant fails,

without good cause, "to sign and return a waiver requested by a plaintiff...." Fed. R. Civ. P.

4(d)(2). The docket does not reflect that KJN ever requested these defendants to waive service of

process. Additionally, costs for investigative purposes to determine the identity of the defendant

have not been found by courts to be recoverable. *TCYK*, 2015 WL 357066, at *5; *see also*

*Achte/Neunte Boll King Beteiligungs GMBH & Co KG v. Palmer*, 2011 WL 4632597, *2 (M.D.

Fla. Oct. 6, 2011) (expenses for obtaining IP address "not truly a cost of litigation."). 

Consequently, KJN is entitled to attorneys' fees and costs, pursuant to 17 U.S.C. §505, in the

total amount of $950.00 as to Mr. Spain and $950.00 as to Ms. Dew.

## IV. Order

For the reasons set forth above, the motions for default judgment are **GRANTED IN

PART AND DENIED IN PART** as follows. (ECF Nos. 20, 21.) Phillip Spain and Heather

Dew are permanently enjoined from directly or indirectly infringing plaintiff's copyrighted

works, including by use of the internet to reproduce, copy, distribute, or make available for

distribution to the public plaintiff's copyrighted works, unless plaintiff provides defendants with

a license or express permission. Additionally, Phillip Spain and Heather Dew are ordered to

7

destroy all copies of plaintiff's motion picture "Killer Joe" that they have downloaded onto any computer hard drive or server without plaintiff's authorization and all copies that have been transferred onto any physical medium or device in defendants' possession, custody, or control. Finally,  plaintiff is awarded damages  against Phillip Spain in the amount of $6,000 and attorneys' fees and costs in the amount of $950.00 and damages against Heather Dew in the amount of $6,000 and attorneys' fees and costs in the amount of $950.00.  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

_3 - 16 - 2015_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

8